IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Bryon Keith Howe,                       )
      Petitioner,                    )
                          )
v.                                      )          1:07cv1151 (TSE/JFA)
                          )
Gene M. Johnson,                        )
      Respondent.                   )

MEMORANDUM OPINION

Bryon Keith Howe, a Virginia inmate proceeding pro se, filed this petition for a writ of

habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the revocation of his probation. On March

27, 2008, respondent was directed to show cause within sixty days why the petition should not be

granted. On April 30, 2008, respondent submitted a Motion to Dismiss the petition, memorandum

of law in support of that Motion, and the Notice required by Roseboro v. Garrison, 528 F.2d 309 (4th

Cir. 1975) and Local Civil Rule 7(K). Petitioner was given the opportunity to file responsive

materials, and he has filed a response. For the reasons that follow, this petition must be dismissed.

## I. Background

On November 21, 1997, petitioner pled guilty in the Circuit Court for the City of Norfolk,

Virginia ("the trial court") to two counts of grand larceny. Petitioner's ten-year prison sentence for

these offenses was suspended, on condition that petitioner serve four months of incarceration on each

charge in the Norfolk City Jail, complete one year of supervised probation and pay restitution. On

October 22, 1998, petitioner was found to be in violation of his supervised probation, and the trial

court revoked his probation, re-imposed the prison sentence, but suspended that sentence on

condition that petitioner successfully complete a diversion program, pay restitution as ordered and

remain on supervised probation until his restitution is paid in full. On June 6, 2000, petitioner was

again found to be in violation of his probation, and the trial court, on this occasion, revoked his probation, re-imposed the prison sentence, and suspended all but 12 months, on condition that petitioner successfully complete five years probation, one year of which was to be supervised probation, and another diversion program. Pet. for Appeal dated Dec. 6, 2005.

Approximately two months later, petitioner was convicted of one count of forgery, and two counts each of uttering and larceny in the trial court. He was sentenced on August 24, 2000 to twelve months incarceration on each count, with all but six months suspended, on condition that petitioner complete six years supervised probation. Following petitioner's release from incarceration, he was allowed to move from the Commonwealth of Virginia to the State of Florida and supervision of his probation was transferred from Virginia to Florida on October 25, 2002. On January 13, 2004, the Commonwealth requested that petitioner's probation be revoked because petitioner had been convicted and sentenced on November 4, 2003 in Florida for vehicle grand theft. Pet. for Appeal dated Dec. 6, 2005.

A probation revocation hearing was then held in the trial court on July 15, 2005. Petitioner was present and represented by counsel and admitted to violating his probation. The trial court revoked petitioner's probation and re-imposed the balance of petitioner's previously suspended sentences, which amounted to nine years and fifty-four months. Petitioner filed a direct appeal to the Court of Appeals of Virginia, claiming that the trial court abused its discretion by improperly considering hearsay evidence and in imposing periods of confinement previously suspended without due regard for the concerns expressed by petitioner. Pet. for Appeal dated Dec. 6, 2005 at 3. On April 5, 2006, the Court of Appeals of Virginia denied the petition for appeal. Howe v. Commonwealth, R. No. 1853-05-1, slip op. (Va. Ct. App. Apr. 5, 2006). Petitioner then sought

2

review by a three-judge panel of the Court of Appeals of Virginia, which denied his request on July

21, 2006. <u>Howe v. Commonwealth</u>, R. No. 1853-05-1, slip order (Va. Ct. App. July 21, 2006).

Petitioner did not file a direct appeal to the Supreme Court of Virginia.

On or about May 8, 2007, petitioner filed a petition for a writ of habeas corpus in the

Supreme Court of Virginia. Pet. dated May 8, 2007. That petition raised the following grounds:

> 1) Petitioner's rights under the Sixth and Fourteenth Amendments were violated
> when the trial judge, who had served as the attorney prosecuting petitioner's original
> criminal convictions, presided over petitioner's revocation hearing;[1]
>
> 2) Counsel rendered ineffective assistance by failing:
>> a) to object and request that a different trial judge preside over petitioner's
>> revocation hearing;
>> b) to reveal to petitioner that the trial judge was obligated to recuse himself;
>> and
>> c) to raise the "judge recusal issue" on direct appeal; and
>
> 3) Petitioner's guilty plea was not voluntarily made, as petitioner's counsel entered
> a plea without petitioner's approval.

Pet. dated May 8, 2007. On October 1, 2007, the Supreme Court of Virginia dismissed petitioner's

state habeas petition, holding that claim 1 was barred from its consideration by <u>Slayton v. Parrigan</u>,

205 S.E.2d 680, 682 (Va. 1974) and that claims 2(a), 2(b), 2(c) and 3 failed on the merits. <u>See Howe</u>

<u>v. Director of the Department of Corrections</u>, R. No. 071106, slip op. (Va. Oct. 1, 2007). Petitioner

filed the instant federal petition for a writ of habeas corpus on December 19, 2007, in which he raises

the following claims:

> 1) Counsel rendered ineffective assistance:
>
>> a) by failing to object to the trial judge as the former prosecuting

---

[1] There is no indication from the record that any party at the hearing in 2005, including the
trial judge himself, recognized that the judge had served as the prosecuting attorney at petitioner's
original conviction eight years earlier.

attorney in this case and by failing to request that a different trial judge preside over petitioner's revocation hearing;

b) by failing to reveal to petitioner that the trial judge was obligated to recuse himself;

c) by failing to raise the "judge recusal issue" on direct appeal;

d) by failing to have a "real understanding" of the circumstances surrounding the violation reports that she received the morning of the revocation hearing;

e) by allowing petitioner to plead guilty without first consulting with petitioner;

f) by failing to challenge certain "firearms charges and probable cause statements" contained in the probation report; and

2) "Other counsel" never raised the "trial judge recusal issue for appeal;"[2] and

3) The trial judge improperly presided over petitioner's revocation hearing because he had served as the attorney responsible for prosecuting petitioner's original criminal convictions.

In his memorandum of law in support of the Motion to Dismiss the petition, respondent argues that the majority of petitioner's claims are procedurally defaulted, and thus barred from this Court's review. As to the claims not defaulted, respondent contends that the Supreme Court of Virginia's rulings were not unreasonable under 28 U.S.C. § 2254(d). Petitioner has filed a response in opposition, and hence his matter is now ripe for disposition.

## II. Exhaustion and Procedural Default

In reviewing a petition brought pursuant to 28 U.S.C. § 2254, a federal court must determine whether the petitioner has exhausted his claims before the appropriate state courts and whether those claims are barred by a procedural default. As a general rule, a petitioner must first exhaust his claims in state court because exhaustion is a matter of comity to the state courts; failure to exhaust requires

---

[2] Although petitioner's reference to "other counsel" is not entirely clear, this claim will be construed as a claim challenging the failure of appellate counsel to object on direct appeal to the trial judge presiding over petitioner's revocation hearing.

4

dismissal from federal court so that the petitioner may present his claims to the state courts. See 28 U.S.C. § 2254(b); Granberry v. Greer, 481 U.S. 129, 134 (1987); Rose v. Lundy, 455 U.S. 509, 515-19 (1982). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, petitioner must present the same factual and legal claims raised in the instant petition to the Supreme Court of Virginia either by way of (i) a direct appeal, (ii) a state habeas corpus petition, or (iii) an appeal from a circuit court's denial of a state habeas petition.

This does not end the exhaustion analysis, however, because "[a] claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)). Importantly, however, "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas review of the defaulted claim." Id. (quoting Gray, 518 U.S. at 162).

Claims 1(d), 1(f) and 2 are not exhausted because they were never presented to the Supreme Court of Virginia. Although petitioner did not properly present these claims in the Supreme Court of Virginia, they are nonetheless treated as exhausted because petitioner is now precluded by Virginia Code § 8.01-654(B)(2) from raising these claims in a second state habeas petition. Therefore, claims 1(d), 1(f) and 2 are appropriately treated as simultaneously exhausted and defaulted for the purposes of federal habeas review. See Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990) (enforcing the procedural bar resulting from Virginia Code § 8.01-654(B)(2)).

Additionally, a state court's finding of procedural default is entitled to a presumption of correctness, provided two foundational requirements are met. See 28 U.S.C. § 2254(d); Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. See Ylst v. Nunnemaker, 501 U.S. 797, 802-03 (1991); Harris v. Reed, 489 U.S. 255, 259 (1989). Second, the state procedural rule used to default petitioner's claim must be an independent and adequate state ground for denying relief. See Harris, 489 U.S. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991).

Petitioner properly presented claim 3 to the Supreme Court of Virginia on state habeas. That court, however, found claim 3 procedurally defaulted on the basis of Slayton v. Parrigan, 205 S.E.2d 680 (Va. 1974) (holding that a claim is procedurally defaulted if the petitioner could have raised it on direct appeal but did not). The Fourth Circuit has held consistently that "the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Mu'min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997).

Where, as here, the requirements of procedural default have been met, federal courts may not review the barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260. The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman v. Thompson, 501 U.S. 722, 753-54 (199); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton, 845 F.2d at 1241-42. Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996). As such, federal review of claims 1(d), 1(f), 2 and 3 is barred unless

petitioner can show cause sufficient to excuse his default and prejudice resulting therefrom or that miscarriage of justice would result.

Petitioner does not argue in his memoranda, nor is there anything in his pleadings to suggest, that he is attempting to proffer evidence sufficient to establish a claim of actual innocence, the sole miscarriage of justice recognized as sufficient to excuse procedural default. See Roach v. Angelone, 176 F.3d 210, 221 (4th Cir. 1999). Instead, petitioner argues here, as he did on state habeas, that counsel was ineffective in failing to object to the trial judge and request that a different trial judge preside over the revocation hearing. Yet, as explained infra in Part IV, petitioner's remaining claims of ineffective assistance of counsel, claims 1(a), 1(b), 1(c), and 1(e), fail. Thus, petitioner has failed to demonstrate cause to excuse his procedural default, and claims 1(d), 1(f), 2 and 3 must be dismissed. See Clozza, 913 F.2d at 1014 (finding that a meritless ineffective assistance of counsel claim cannot excuse a procedural default).

### III. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudications are contrary to, or an unreasonable application of, clearly established federal law, or are based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable

7

facts." Williams, 529 U.S. at 413. Under the "unreasonable application" clause, the writ should be

granted if the federal court finds that the state court "identifies the correct governing legal principle

from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the

prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410.

Moreover, in evaluating whether a state court's determination of the facts is unreasonable, a federal

court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless

[petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v.

Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. § 2254(e)(1)); see, e.g., Lenz v. Washington,

444 F.3d 295, 300-01 (4th Cir. 2006).

### IV. Merits

Where, as here, a petitioner seeks habeas corpus review of his conviction pursuant to a guilty

plea, a reviewing federal court must first determine whether the petitioner's constitutional challenge

is foreclosed by that guilty plea.  It is well-settled that a voluntary and intelligent guilty plea

generally forecloses federal collateral review of allegations of antecedent constitutional deprivations.

Tollett v. Henderson, 411 U.S. 258, 266-67 (1973); Fields v. Attorney Gen. of Md., 956 F.2d 1290,

1294 (4th Cir. 1992).  This is because a guilty plea removes the issue of factual guilt from the case

and "renders irrelevant those constitutional violations not logically inconsistent with the valid

establishment of factual guilt and which do not stand in the way of conviction." Menna v. New

York, 423 U.S. 61, 63 n.2 (1975).  Accordingly, once judgment on a plea is final, collateral inquiry

for constitutional claims that occurred prior to its entry is generally limited to whether the plea itself

was knowing and voluntary. Slavek v. Hinkle, 359 F.Supp.2d 473, 481 (E.D.Va. 2005).  Thus,

guilty pleas do not preclude review of ineffective assistance of counsel claims because the

voluntariness of a plea can depend on the effectiveness of counsel's assistance. Id. at 491.

To succeed on his claims of ineffective assistance of counsel, Vines must demonstrate that (1) "in light of all the circumstances, the identified acts or omissions [of counsel] were outside the range of professionally competent assistance," Strickland v. Washington, 466 U.S. 668, 690 (1984), and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "The petitioner must show both deficient performance and prejudice; the two are separate and distinct elements of an ineffective assistance claim." Spencer v. Murray, 18 F.3d 229, 232-33 (4th Cir. 1994).

With respect to the first prong of the Strickland test, "[j]udicial scrutiny of counsel's performance must be highly deferential," Strickland, 466 U.S. at 689, and the court must "presume that challenged acts are likely the result of sound trial strategy." Spencer, 18 F.3d at 233. With respect to the second prong of the Strickland test, "a reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694. In order to undermine confidence in the trial outcome, petitioner must show more than a remote possibility that the results of the trial would have been different. Washington v. Murray, 4 F.3d 1285, 1290 (4th Cir. 1993).

When considering an ineffective assistance of counsel claim in the context of a guilty plea, federal courts must apply a modified version of the two-part "performance and prejudice" test articulated in Strickland. See Hill v. Lockhart, 474 U.S. 52, 59 (1985); Burket v. Angelone, 208 F.3d 172, 194 (4th Cir. 2000). Specifically, the modified two-step analysis requires a petitioner (1) to "demonstrate that his trial counsel's performance fell below an objective standard of reasonableness," and (2) to "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Burket, 208 F.3d at 194

9

(quoting Hill, 474 U.S. at 59). A successful petition "must show both deficient performance and prejudice," and "the two are separate and distinct elements of an ineffective assistance claim." Spencer v. Murray, 18 F.3d at 232-33.

In remaining claims 1(a),[3] 1(b), 1(c) and 1(e), petitioner asserts that counsel rendered ineffective assistance in connection with petitioner's probation revocation proceedings. The Supreme Court of Virginia determined on state habeas that these claims of ineffective assistance of counsel were without merit. Howe, R. No. 071106, slip op. at 2. Citing to Gagnon v. Scarpelli, 411 U.S. 778, 790 (1973), the Supreme Court of Virginia found that petitioner had no constitutional right to counsel at his probation revocation hearing. Id. That decision by the Supreme Court of Virginia was neither contrary to nor an unreasonable application of, clearly established federal law, nor was it based on an unreasonable determination of the facts. As such, claims 1(a), 1(b), 1(c) and 1(e) must be dismissed.

A claim for ineffective assistance of counsel is only tenable when there is an underlying Sixth Amendment right to counsel. Wainwright v. Torna, 455 U.S. 586, 587-88 (1982). In Gagnon v. Scarpelli, the Supreme Court held that the Constitution provides no right under the Sixth Amendment to counsel in a parole or probation revocation proceeding. Gagnon, 422 U.S. at 783-90. Instead, the Gagnon Court adopted a case-by-case approach for determining whether counsel is

---

[3] Although petitioner does not state it directly in claim 1(a), to the extent that he is attempting to present a claim that the trial judge's decision to preside over the revocation hearing deprived petitioner of a hearing that was fundamentally fair, such a claim is not compelling. As discussed infra, petitioner conceded that he violated the terms of his probation. As such, he had to know that revocation of at least some portion of his probation was a likely outcome of the hearing. Moreover, petitioner has not shown bias on the part of the trial judge and the record simply does not support any claim that the judge had any interest in the outcome of the revocation hearing. Cf. Tumey v. Ohio, 273 U.S. 510 (1927) (presence of a biased trial judge renders a trial inherently unfair).

constitutionally required. Id. The Court stated that counsel should generally be afforded in two circumstances: (1) where the probationer claims that he "has not committed the alleged violation of the conditions upon which he is at liberty" and (2) where the probationer does not contest the underlying violation, but claims that "there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present." Id. at 790.

These principles compel the conclusion that petitioner did not have a constitutional right to counsel at the probation revocation hearing. At the hearing, petitioner twice acknowledged that he was in violation of his probation, Trans. dated July 15, 2005 at 4, 6; see id. at 14-15. Petitioner's employer then testified that petitioner was a "good" employee who reported on time for work and who did not come to work smelling of alcohol. Id. at 8-9. Petitioner did not contest the validity of the Florida conviction for vehicle theft, nor did he argue that such conviction did not give rise to a violation of the conditions of his probation. Id. at 15; see id. at 20-22. Petitioner's counsel presented a closing argument in which he noted that petitioner was "trying to put himself on the right track" and had "been on the right track" after he returned from Florida to Virginia. Id. at 17. Counsel noted further that although petitioner was arrested in Florida for a firearms charge stemming from or related to petitioner's drinking problem, petitioner's employer had not observed that petitioner had a drug or alcohol problem during the seven months of petitioner's employment. During allocution, petitioner stated that he was "very sorry" for what he did, and that he "never really had too much [of] a reason to care about his life" in the past but that he now had "people that cared[d] about [him] and trust[ed] [him] again because [he] ... convinced them that [he was] clean and ... different now." Id. at 21-22. He asked the trial court for "one more shot at [his] life somehow" and stated his preference

for a work release arrangement should the court impose a sentence. Id. at 21. It is clear from the transcript of the revocation hearing that petitioner did not contest the "alleged violation of the conditions" of his probation and that there was nothing "complex or otherwise difficult to develop or present" in an attempt to justify or mitigate the probation violation. See Gagnon, 411 U.S. at 790.[4] Accordingly, the Supreme Court of Virginia's decision that counsel was not constitutionally required is entitled to deference under 28 U.S.C. § 2254(d), and claims 1(a), 1(b), 1(c) and 1(e) alleging ineffective assistance of counsel at that hearing must be dismissed.[5]

---

[4] Indeed, the record makes clear that petitioner is simply disappointed with the sanction he received for his many violations, a sanction he had to know was possible.

[5] It is worth noting that even if petitioner had a constitutional right to counsel at the revocation hearing, the allegations of ineffective assistance of counsel contained in claims 1(a), 1(b), 1(c) and 1(e) would nonetheless be subject to dismissal under Strickland v. Washington, 466 U.S. 668 (1984) and Hill v. Lockhart, 474 U.S. 52, 59 (1985), because petitioner has failed to establish that counsel's performance fell below an "objective standard of reasonableness" or that petitioner suffered prejudice as a result. As to claims 1(a), 1(b) and 1(c), there is no indication from the record that petitioner notified counsel at any point prior to or during the revocation hearing in 2005 that the trial judge had served as the prosecuting attorney during petitioner's original conviction in 1997. Nor does the record reflect that petitioner was represented at the probation revocation hearing by the same attorney who represented him on the original 1997 conviction. Further, as noted supra, it appears that no person at the hearing, including the trial judge himself, recognized that the judge had served as the prosecuting attorney in 1997. As such, there is no indication that petitioner's counsel at the revocation hearing had knowledge in 2005 that the trial judge had served as the prosecuting attorney at petitioner's original conviction eight years ago. Petitioner's counsel at the revocation hearing, therefore, cannot be held to have rendered assistance that fell below an objective standard of reasonableness for failing to object to the presence of the trial judge, an objection that counsel simply had no knowledge about and therefore no reason to assert. Moreover, if counsel had no reason to object to the presence of the trial judge at the revocation hearing, petitioner's appellate counsel could not be ineffective for failing to raise this issue on appeal, unless, as is not the case here, petitioner had no way to learn about the trial judge's former occupation until after the hearing. As petitioner has failed to show that counsel's performance in these respects was deficient, he has failed to show an essential element the claims of ineffective assistance of counsel raised in 1(a), 1(b) and 1(c). See Spencer, 18 F.3d at 233.

As to claim 1(e), petitioner has failed to show prejudice, as the record simply does not support any claim that, in the absence of any error by counsel, petitioner would not have admitted to violating his probation and would have insisted on contesting the violations at the hearing. Petitioner testified at the hearing, and at no point did he claim that his subsequent convictions, which are a

## V. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss the instant petition for a writ of habeas corpus must be granted, and the instant petition will be dismissed with prejudice.  An appropriate Order shall issue.

Entered this ___36th___ day of _____July_____ 2008.

Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge

matter of record, did not give rise to a violation of his probation or that he did not commit the crimes resulting in the violations.  Petitioner admitted to those violations and now appears to be unhappy with the punishment he received.  It is worth noting, however, that petitioner's prison term had been suspended three times.  Petitioner could not reasonably expect that, upon admitting to violating his the terms of his probation yet again, that the remainder of his unserved prison time for the original 1997 conviction would not be imposed as a sentence.  Accordingly, petitioner's claims are without merit.